UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JOSHUA J. UREN and KATHERINE J.            Case No. DM 13-90369
UREN, fka KATIE CARTER,                     Chapter 13
                                            Hon. Scott W. Dales

                    Debtors.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

Chapter 13 debtors Joshua and Katherine Uren filed a joint petition for relief under

chapter 13 with this court on August 12, 2013, and the court confirmed their chapter 13 plan, as

amended, on January 24, 2014.  The record indicates that Ms. Uren had been battling cancer and,

regrettably, succumbed to it on or about July 30, 2014.

Shortly after her death, her husband filed several claim objections[1] all premised on Ms.

Uren's death and the assertion that she alone was responsible for the debts at issue.  None of the

creditors filed a timely response to the Objections.  The court has reviewed the Objections, the

Debtors' plan, and the docket, and has determined to overrule the Objections, subject to

reconsideration as contemplated in § 502(j).

_____

[1] *See* Objection to Claim 1 of Northern Service Bureau in the amount of: $1,014.73 (DN 50); Objection to Claim 2
of Prevea Health in the amount of: $266.23 (DN 51); Objection to Claim 4 of Michigan Finance Authority, c/o
Firstmark Services, in the amount of: $5,627.22 (DN 52); Objection to Claim 6 of Bellin Health Systems, Inc., c/o
Finance System of Green Bay, Inc., in the amount of: $80.00 (DN 53); Objection to Claim 7 of Green Bay
Radiology, SC, c/o Finance System of Green Bay, Inc., in the amount of: $721.71 (DN 54); Objection to Claim 9 of
MOHELA, on behalf of the Department of Education, in the amount of: $9,985.86 (DN 55); Objection to Claim 13
of Quantum3 Group, LLC, as Agent for Comenity Bank, in the amount of: $867.56 (DN 56); Objection to Claim 14
of Capital One, NA, c/o Becket and Lee, LLP, in the amount of: $353.02 (DN 57); Objection to Claim 15 of Antio,
LLC, c/o Weinstein and Riley, PS, in the amount of: $3,694.30 (DN 58); Objection to Claim 16 of Capital One,
N.A., transferred to PRA Receivables Management, LLC, as Agent of Portfolio Recovery Associates, LLC, in the
amount of: $677.89 (DN 59); Objection to Claim 20 of Portfolio Recovery Associates, LLC in the amount of:
$414.34 (DN 60).  The court will refer to these claim objections collectively as the "Objections."

As with many contingencies in the life of a bankruptcy case or a debtor, the rules provide guidance for cases in which a debtor dies during the pendency of a case.  In general, the death of a chapter 7 debtor does not affect or "abate" the liquidation, and the administration shall continue "so far as possible" as if the death had not occurred.  Similarly, with respect to a chapter 13 debtor, the rules provide as follows:

> If . . . [an] individual's debt adjustment case is pending under chapter 13 [at the time of death], the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death . . . had not occurred.

Fed. R. Bankr. P. 1016.  From the record, it appears that there is no dismissal motion pending, and from the Objections the court surmises that the case is not proceeding in the same manner as if the death had not occurred.

Obviously, the fact of Ms. Uren's demise prompted her husband to file the Objections, each of which asserts her death and singular liability as the reason for the objection.  If she had not died, the court assumes that the Trustee would have simply paid the claims at issue according to the plan.[2]  Instead, if the court sustains the Objections, despite her death the case will not proceed or conclude "in the same manner, so far as possible, as though the death . . . had not occurred." *Id.*  Moreover, if the court sustains the Objections and the case as to Ms. Uren continues to its conclusion (including discharge), the creditors holding the claims at issue will be treated differently from those creditors holding joint claims or claims against Mr. Uren, even though the plan makes no provision for such differential treatment.

It is conceivable that Mr. Uren or some other representative will seek to open a probate estate for Ms. Uren that might benefit from continued administration and discharge of the claims

---

[2] The plan does not appear to distinguish between joint and singular claims, as a practical matter (though perhaps not technically) consolidating the Debtors' estates and creditors.

at issue, though this seems doubtful: as the drafters of the applicable rule noted, in a chapter 13 case, "the likelihood is that the case will be dismissed." *See* Fed. R. Bankr. P. 1016, Notes of Advisory Committee On Rules -1983.

It appears that Mr. Uren is endeavoring, understandably, to address the bankruptcy consequences of his wife's death, but in a manner at odds with the likely outcome envisioned in the rule.   Under the circumstances, the court will overrule the Objections, subject to reconsideration under § 502(j) after dismissal of Ms. Uren's case (if advisable), plan amendment (if advisable), or additional argument addressing Fed. R. Bankr. P. 1016 and the concerns the court has expressed in this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objections (DNs 50-60) are OVERRULED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Joshua J. Uren, Allan J. Rittenhouse, Esq., Barbara P. Foley, Esq., chapter 13 trustee, Northern Service Bureau, Prevea Health, Michigan Finance Authority, c/o Firstmark Services, Bellin Health Systems, Inc., c/o Finance System of Green Bay, Inc., Green Bay Radiology, SC, c/o Finance System of Green Bay, Inc., MOHELA on behalf of the Department of Education, Quantum3 Group, LLC, as Agent for Comenity Bank, Capital One, NA, c/o Becket and Lee, LLP, Antio, LLC, c/o Weinstein and Riley, PS, Capital One, N.A., transferred to PRA Receivables Management, LLC, as Agent of Portfolio Recovery Associates, LLC, and Portfolio Recovery Associates, LLC.

**IT IS SO ORDERED.**

**Dated September 30, 2014**



Scott W. Dales
United States Bankruptcy Judge